*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDREW FARLEY, JR.,

        Defendant-Appellant.

UNPUBLISHED
January 28, 2020

No. 331302
Genesee Circuit Court
LC No. 15-037130-FC

ON REMAND

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

This matter returns to this Court on remand from the Supreme Court for reconsideration of defendant's sentencing challenge in light of *People v Beck*, 504 Mich ___; ___ NW2d ___ (2019) (Docket No. 152934). For the reasons stated in this opinion, we vacate defendant's sentence for second-degree murder and remand for resentencing.

Defendant was charged with open murder for killing his wife. The evidence established that the couple had been experiencing marital difficulties and that the wife had a sexual relationship with a coworker. According to defendant, in the time immediately preceding the killing, his wife told him that he "disgusted her," that he was "not a man," that he could not have a baby with her,[1] and that she no longer wanted to be with him. Defendant testified that his wife also said that she was going to get the coworker with whom she had an affair, bring him back to the house, have sex with him in front of defendant, and have his baby. Defendant then struck his wife with a flashlight and stabbed her six times with a knife.

The prosecution sought a conviction for first-degree murder, MCL 750.316, arguing that the evidence established beyond a reasonable doubt that the killing was deliberate and

---

[1] Defendant had had a vasectomy after fathering three children in his first marriage.

premediated. The defense requested that the jury find defendant guilty of voluntary manslaughter, MCL 750.321, because he acted out of anger and was adequately provoked. The jury found defendant guilty of second-degree murder, MCL 750.317.

Defendant's recommended minimum-sentence guidelines range was 162 to 270 months' imprisonment. The trial court departed from that recommendation and imposed a minimum sentence of 600 months' imprisonment. In justifying the substantial departure sentence, the trial judge emphasized that he disagreed with the jury's verdict and that he believed the evidence demonstrated that defendant was guilty of premeditated first-degree murder:

> When I listen[ed] to the testimony at the trial it was clear to me from the, ah, journal that was introduced as well as other testimony that you had been plotting her death for some time. . . . What the evidence showed to the Court was that you had cat—had categorized through a diary what you were gonna do to you. *You had made up your mind long before you killed her that you were gonna kill her*; and probably take your own life in the process. Um, you stated in your diary the method in which you were going to go about killing her; ah, you stated the reasons why you were gonna kill her. And most of these reasons had to do it appeared to this Court with your pride; your pride was hurt because, ah, possibly she may have found involvement with another man. . . . *And so you continued with your plan to, ah, to cause her death.*
>
> \* \* \*
>
> So the evidence showed to me a very cold, self[-]centered, um, prideful individual who had made up his mind he was gonna kill his wife and use his writings to cover it up, and hopefully come out with a result that would be substantially less than what he deserved. Ah, you were seeking Manslaughter in this case; the Jury compromised, its Second Degree Murder. I agree with [the prosecutor]; *I think she clearly, ah, presented a case of First Degree Murder in this case. There is no question in this Court's mind from the evidence that this was a premeditated and deliberate act on your part. You had premeditated and deliberated, you had planned and schemed, and you had put your plan into action.*
>
> \* \* \*
>
> When I look at the guidelines, and they don't apply they're advisory, ah, because of <u>People</u> versus <u>Lockridge</u>[2]. . . . *But the Court thinks not only does it have the right to exceed the guidelines in this case because of your offense score, but the Court has the right to exceed the guidelines because it is clear to this Court that you had plotted and planned the murder of, ah, Ms. Farley.* [Emphasis added.]

---

[2] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

On appeal to this Court, defendant challenged the reasonableness of his sentence. He argued that the trial court erred in basing its departure sentence on its finding that the murder was premediated when the jury acquitted him of first-degree murder. This Court rejected defendant's argument and affirmed his sentence in a 2-to-1 decision. *People v Farley*, unpublished per curiam opinion of the Court of Appeals, issued October 31, 2017 (Docket No. 331302).

Defendant then sought leave to appeal to the Supreme Court. While the case was pending there, that Court decided *Beck*, 504 Mich at ___; slip op at 2; which held that a defendant acquitted of a given crime may not be sentenced as if he committed that very same crime. After the *Beck* decision, the Supreme Court vacated our opinion in this case and directed us to reconsider the matter in light of *Beck*. *People v Farley*, ___ Mich ___ (2019) (Docket No. 156843). Having done so, we conclude that resentencing is required.

This case is very similar to *Beck*. In that case, the jury acquitted the defendant of open murder but convicted him of felon in possession of a firearm and of felony-firearm, second offense. The sentencing judge imposed a departure sentence, in part, in reliance on his finding by a preponderance of the evidence that the defendant had committed the murder of which the jury had acquitted him. *Id.* at ___; slip op at 3. The Supreme Court held that the sentencing judge erred in relying on acquitted conduct in sentencing defendant, stating:

> When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard. But when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continues to be presumed innocent. "To allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is fundamentally inconsistent with the presumption of innocence itself." [*Id.* at ___; slip op at 18-19 (citation omitted).]

In applying this principle, the Court held that Beck must be resentenced because the sentencing judge had "punished the defendant more severely on the basis of [his] finding by a preponderance of the evidence that the defendant committed the murder of which the jury had acquitted him" and therefore violated Beck's right to due process. *Id.* at ___; slip op at 21.

As in *Beck*, defendant was sentenced based in part on acquitted conduct.[3] The jury acquitted defendant of first-degree murder and convicted him of second-degree murder. In so doing, the jury concluded that the prosecutor failed to prove beyond a reasonable doubt that defendant murdered his wife as a result of premeditation and deliberation.[4] However, the

---

[3] "Acquitted conduct" is conduct that "has been formally charged and specifically adjudicated by a jury." *Beck*, 504 Mich at ___; slip op at 13.

[4] The elements of first-degree murder are (1) the intentional killing of a human being (2) with premeditation and deliberation. *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018). It

sentencing judge then engaged in judicial fact-finding and enhanced defendant's sentence, in part, on the basis of his finding that defendant premeditated and deliberated the murder of his wife. By revisiting the question whether defendant killed the victim with premeditation and deliberation and answering that question in a manner contrary to the jury verdict, the judge relied on acquitted conduct in fashioning defendant's sentence and to justify the departure sentence. Accordingly, the imposed sentence violated defendant's due-process protections and he is entitled to resentencing. *Id*. at ___; slip op at 22.

Vacated and remanded for resentencing in accordance with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro

---

was undisputed that defendant killed his wife, so in acquitting defendant of first-degree murder, the jury necessarily found that the prosecution did not prove beyond a reasonable doubt that defendant acted with premeditation and deliberation.